Case 2:00-cv-00107   Document 1   Filed in TXSD on 03/13/2000   Page 1 of 23

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILLIAM CURTIS AND | § |
| KIMBERLY CURTIS | § |
| | § |
| V. | § |
| | § |
| | § |
| NORTHFIELD INSURANCE COMPANY | § |

C.A. NO. **C-00-107**

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Northfield Insurance Company ("Northfield"), and files this its Notice of Removal under 28 U.S.C. §1446(a), and would respectfully show the Court as follows:

### A. INTRODUCTION

1.     William Curtis and Kimberly Curtis are Plaintiffs who are residents of Nueces County, Texas.

2.     Northfield is a foreign company conducting business within the State of Texas.

3.     On February 16, 2000, Plaintiffs sued Northfield for breach of an insurance contract in the 105th Judicial District Court of Nueces County, Texas.

4.     Through a courtesy copy of the lawsuit, Northfield became aware of the suit on the day it was filed.  Northfield files Notice of Removal within the thirty (30) day period required by 28 U.S.C. §1446(b).

## B. BASIS FOR REMOVAL

4.     Removal of this case is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a);*Loflin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Plaintiffs are citizens of the State of Texas residing in Nueces County. Northfield is not a citizen of the State of Texas, but a foreign company whose state of domicile is Missouri.

5.     The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys fees. Although this amount of recovery is not specifically alleged in Plaintiffs' Original Petition, Plaintiffs demand to Northfield, which was asserted on January 10, 2000, was for an amount in excess of $75,000.00. (Exhibit A)

6.     All pleadings, process, orders, and all other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).

7.     Venue is proper in this District under 28 U.S.C. §1441(a) because this District and Division embrace the place in which the removed action has been pending.

8.     Northfield will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which the action has been pending.

## C. JURY DEMAND

9.     Plaintiffs demanded a jury in the state court action.

## D. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Northfield prays, that for the reasons cited above, that the Court will exercise jurisdiction over this cause of action.

2

Respectfully submitted,

By: _____

Robert J. Killeen, Jr.
Texas Bar No. 11407000
1717 St. James Place, Suite 620
Houston, Texas 77056

ATTORNEY-IN-CHARGE   FOR
NORTHFIELD INSURANCE COMPANY

OF COUNSEL:

KILLEEN & FIERRO, P.L.C.
Byron Wilson
Texas Bar No. 24001009
1717 St. James Place, Suite 620
Houston, Texas 77056
713/626-5100
713/626-4545 - fax
ATTORNEYS FOR DEFENDANT,
NORTHFIELD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record as indicated below, in accordance with the Federal Rules of Civil Procedure on this 10th day of March, 2000.

Ward H. Thomas, Jr.                          VIA CM/RRR # Z 235 146 075
Ward H. Thomas, Jr., P.C.
1112 American Bank Plaza
Corpus Christi, Texas 78475


_____
Byron Wilson

3

CANPDF - www.fenito.com

# LAW OFFICES OF
# WARD H. THOMAS, JR.*, P.C.
## AMERICAN BANK PLAZA
## 711 N. CARANCAHUA, SUITE 1112
## CORPUS CHRISTI, TX 78475

TELEPHONE
(361) 887-8777

TELEFAX
(361) 887-6827

January 10, 2000

Jody A. Ebnet
Claims Examiner
Northfield Insurance Company
Northland Insurance Companies
P.O. Box 64643
St. Paul, Minnesota 55164-0643

**Via Cert. #Z186,827,551,RRR
and Via Fax #(651) 688-4392**

RE:   Insured:     Dr. William & Kimberly Curtis
       Policy No.:    18957104
       Claim No.:    23HG000439-01
       Date of Loss:   8-22-99

Dear Mr. Ebnet:

    This firm and the undersigned attorney have been retained to represent Dr. William and Kimberly Curtis in all claims they have against Northfield Insurance Company, Northland Insurance Companies and their adjusters. All further communication with my clients regarding their pending insurance claim should be directed to me, particularly so in view of the fact that it appears you may have associated legal counsel in Houston, Texas, to counsel with you concerning this loss.

    Dr. and Mrs. Curtis have provided me with a fairly extensive file in connection with this claim which I have reviewed with interest. I've also had an opportunity to review the file of Gutmann Turn Key, Inc. including a letter dated December 8, 1999 which indicated that it was copied to Dr. and Mrs. Curtis. Please be advised that my clients have not received any copy of the letter nor have they received any payment of the $24,606.21 which you indicate is owed to them as of this time. If Northfield acknowledges this indebtedness, a payment should be made immediately. Please direct the check to this address at your earliest convenience.

    We have reviewed the report of Reba Kieter Consultants, Inc. The report and findings are not stated, the methodology for the report is not disclosed, the details of the findings are too

*BOARD CERTIFIED BUSINESS BANKRUPTCY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

EXHIBIT
A

Case 2:00-cv-00107   Document 1   Filed in TXSD on 03/13/2000   Page 5 of 23

Jody A. Ebnet
January 10, 2000
Page 2

sketchy to be meaningful and the report does not contain any conclusions or recommendations with regard to the remediation of the problem. As such, it appears to me that Northfield's investigation of the presence of fungal and bacterial growth in the residence is completely inadequate at this point. If the nature, concentrations and extent of the growth are not determined and a qualified remediation plan formed, Northfield has no reasonable basis to assume that your adjustment of this loss and proposed payment adequately addresses this problem.

Our review of Mr. Anderson's estimate also reveals it to be deficient in numerous respects. While Mr. Anderson did include a few hundred dollars in his estimate for disinfecting the residence and performing a "HVAC repair/deodorize", there is no explanation or assurance given to suggest that the mold can be eradicated from this house for this token amount of money. To the contrary, it seems obvious to us that remediation of this health hazard will be intrusive and costly. As we understand it, the mold has not only completely permeated the area between the concrete slab and the wood subfloor throughout the home, but it has become airborne and contaminated and/or impregnated virtually every other surface in the home as well, including the inner walls, air-conditioning ducts and other elements of the air-conditioning system. At the very least, your adjustment of this loss should include an estimate from a qualified/licensed environmental remediation contractor fully addressing how this work should be done and what it will cost. I am familiar with qualifications of Mark Anderson and know that not only is he not an experienced general contractor, he has absolutely no qualifications at all to deal with mold and mildew problems at the Curtis' residence. Further, another obvious problem with Mr. Anderson's estimate is that it does not adequately deal with the fact that the hardwood floors in the residence are continuous and run underneath all of the interior partitions, fixtures and built-ins. In order to remove all of the damaged subfloor and properly abate the mold and mildew underneath, it appears that it will be necessary to remove and reset all of these items throughout the entire interior of the home. Mr. Anderson's estimate does nothing of the sort and is therefore obviously grossly inadequate. There are also several references in Mr. Anderson's estimate to the effect that "deductions have been made for duplicated items noted on a prior windstorm claim". For your information, while there is a pending claim with the Curtis' windstorm carrier, the claim has not been paid and it is therefore inappropriate at this time to make any deductions. If there are deductions being considered, they should be specified in a proposed amount rather than just including a vague note on the estimate as a reference.

As you know, Dr. and Mrs. Curtis had to move out of the home some time ago because of these problems. They are incurring significant additional living expenses and will continue to do so until Northfield pays them what it owes and repairs can be completed. The cost of repair cannot be calculated and paid until a competent repair plan is formulated. Your substantial delay in this regard thus far will soon create a situation where the policy limits for ALE will be exhausted before the house is repaired. Dr. and Mrs. Curtis will hold Northfield responsible for all additional living expenses they incur as a result of Northfield's delay, irrespective of your policy limits.

JAN-10-00 MON 05:04 PM     Case 2:00-cv-00107   Document 1   Filed in TXSD on 03/13/2000   Page 6 of 23    FAX NO. 651 688 4392      P. 07/07

01/10/2000   10:58    3618876f        WARD H THOMAS JR          PAGE   04

Jody A. Ebnet
January 10, 2000
Page 3

It is clear to my clients at this time that the total loss to their building will equal or exceed policy limits for both the dwelling and additional living expenses. Accordingly, please accept this letter as my clients' demand for $71,000.00 of policy limits for damage to the dwelling and for $14,200.00 additional living expenses less whatever ALE has been paid previously. We acknowledge that some ALE has been paid already and that the remaining ALE is not due until incurred, but if you wish to settle such claim at the same the dwelling claim is settled, such is my clients' demand. If my clients' claim is not paid or otherwise resolved to their satisfaction within the next thirty (30) days, suit will be filed in the District Court for Nueces County, Texas, against Northfield Insurance Company. In the event suit is filed, my clients will also seek such other relief to which they may be entitled, including attorney's fees. My clients also reserve their right to amend their petition at a future time, as appropriate, to assert all claims they may have for violations of the Texas Insurance Code against Northfield Insurance Company, its related companies and its adjusters.

Incidentally, I see that while you have not demanded appraisal, you have suggested the possibility of an appraisal at some point in the future. Dr. and Mrs. Curtis have no interest in the appraisal process and Northfield has waived the right to an appraisal by failing to make a demand for appraisal promptly as required by Texas law. Appraisal will only lead to further unnecessary and unwanted delay and expense, something that is totally unacceptable to the Curtis' at this point. This entire matter needs to be resolved and paid within thirty (30) days.

Dr. and Mrs. Curtis would also like to know if you are licensed by the Texas Department of Insurance to adjust homeowner's claims.

If you have any questions or problems concerning this matter, please do not hesitate to contact me.

Sincerely,

Ward H. Thomas, Jr. (by mah)

WHT/mah

CAUSE NO. 00-855-D

William Curtis and
Kimberly Curtis

§

IN THE DISTRICT COURT OF
NUECES COUNTY, TEXAS

_____ Plaintiff

Northfield Insurance Company

§

105TH___ JUDICIAL DISTRICT

_____ Defendant

COUNTY COURT-AT-LAW ___
OF NUECES COUNTY, TEXAS

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This form does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

**Type of Action: Check all claims pled:** ☒Commercial []Personal Injury []Death []Other

| | | | | |
|---|---|---|---|---|
| [] Account due | [] Defamation | [] Fraud | [] Product Liability | [] Asbestos |
| [] Admiralty | [] Disbarment | [] Garnishment | [] Post Judgment | [] Assault |
| [] Discrimination | [] Injunction/TRO | [] Railroad | [] Ins. bad faith | [] Dram Shop |
| [] Auto | [] DTPA | [] Malicious prosecution | [] Real Estate | [] Bill of Review |
| [] Employment discharge | [] Malpractice/Legal | [] Sequestration | [] Business dissolution | [] Environmental tort |
| [] Malpractice/Medical | [] Silicone implant | [] Conspiracy | [] Expunction | [] Malpractice/other |
| [] Tax | ☒ Contract | [] False Imprisonment | [] Name Change | [] Deed restriction |
| [] Foreclosure | [] Note | [] Trespass | [] Declaratory judgment | [] Forfeiture |
| [] Premises liability | [] Workers compensation | | [] Other | |

Has this dispute previously been in the Nueces County Courts? ☒NO    [] YES, in the following court: _____

Monetary damages sought:    [] less than $50,000    ☒ greater than $50,000

Desired discovery level:    [] Level 1 (TRCP 190.2)    [] Level 2 (TRCP 190.3)    ☒ Level 3 (TRCP 190.4)*
*A case will remain in Level 1, if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt. o. The court may enter a Level 3 plan sua sponte or the parties may request entry of such a plan by separate motion. id.

Estimate time needed for discovery:    [] 0-3 months    [] 4-6 months    ☒ 7-12 months    [] Other

Estimate time needed for trial:    [] 1-2 days    [] 3-5 days    ☒ 6-10 days    [] ? 10 days

Is there a likelihood of experts other than treating physicians or experts on attorney's fees?  ☒ Yes    [] No

Is immediate ADR requested?    [] Yes    ☒ No

Name of party filing this cover sheet: _____

Signature of attorney or pro se filing cover sheet: _____
Name printed    : Ward H. Thomas, Jr.
Phone No.:    : (361-887-8777    Bar No.: 19870800

**FOR COURT USE ONLY:**
Tract assigned:    [] Track 1    [] Track 2    [] Track 3

Court Coordinator: _____    Date: _____

Case 2:00-cv-00107   Document 1   Filed in TXSD on 03/13/2000   Page 8 of 23

CAUSE NO. 00-855-D

| | | |
|---|---|---|
| WILLIAM CURTIS and<br>KIMBERLY CURTIS | * | IN THE DISTRICT COURT |
| VS. | * | OF NUECES COUNTY, TEXAS |
| NORTHFIELD INSURANCE<br>COMPANY | * | 105 TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW WILLIAM CURTIS and KIMBERLY CURTIS, Plaintiffs and for cause of action against **NORTHFIELD INSURANCE COMPANY**, (hereinafter referred to as **"NORTHFIELD"**), Defendant, would show the Court as follows:

### PARTIES

I.

Plaintiffs are individual residents of Corpus Christi, Nueces County, Texas and have resided in Nueces County, Texas, at all times material to this lawsuit. Plaintiffs' causes of action against the herein named Defendant arose in whole or in part in Nueces County, Texas.

The Defendant **NORTHFIELD INSURANCE COMPANY** is a surplus lines company which is eligible to engage in the insurance business in the State of Texas, and which Plaintiffs are suing in its common business name. It can be served by serving its registered agent for service, Commissioner of Insurance, 333 Guadalupe Street, Austin, Texas, 78701.

- 1 -

mah:\data\curtis\original.pet

Case 2:00-cv-00107 Document 1 Filed in TXSD on 03/13/2000 Page 9 of 23

# FACTS

## II.

Plaintiffs live in their residence at 341 Stages, Corpus Christi, Texas.

## III.

Defendant agreed to insure Plaintiffs' residence by issuing its Texas Standard Homeowner's Policy, Form HOB, No. HG000439. Said policy named Plaintiffs as the insured and insured Plaintiffs' dwelling located at 341 Stages, Corpus Christi, Nueces County, Texas.

## IV.

While the above-described insurance policy was in force, Plaintiffs sustained an insured loss in excess of the minimum jurisdictional limits of this Court to their dwelling as a result of an accidental discharge, leakage from their plumbing system or systems and/or a domestic appliance or appliances.

## V.

The Defendant insurance company has refused and failed to fully pay the Plaintiffs for their insured loss and have failed to authorize payment to Plaintiffs of the amounts due and owing to the Plaintiffs by law and under the terms of the above-referenced policy of insurance for said loss, and the Defendant insurance company has thereby breached the contract of insurance that exists between the Plaintiffs and the Defendant insurance company. Such breach of contract has required Plaintiffs to retain legal counsel to remedy such breach of contract and to collect amounts due and owing under the policy to the damage of Plaintiffs in the amount of a reasonable and necessary attorney's fee.

-2-

mah:\data\curtis\original.pet

Case 2:00-cv-00107   Document 1   Filed in TXSD on 03/13/2000   Page 10 of 23

## VI.

All conditions precedent to the Plaintiffs' suit have been performed or have occurred.

## VII.

Plaintiffs hereby demand a jury trial in accordance with the Texas Rules of Civil Procedure and contemporaneously with the filing of this Petition tender herewith a $30.00 statutory jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that the Defendant be cited to appear herein, and that upon final trial hereof, Plaintiffs have judgment over and against the Defendant for all actual damages as determined by the jury, for pre-judgment interest at the highest legal rate upon all appropriate amounts of the damage, for post-judgment interest, costs of suit, exemplary damages, statutory additional damages, attorney's fees and such other and general relief as to which the Plaintiffs may justly be entitled, either at law or in equity.

Respectfully submitted,

By: _____
Ward H. Thomas, Jr.
State Bar No. 19870800
WARD H. THOMAS, JR., P.C.
1112 American Bank Plaza
Corpus Christi, TX 78475
(512) 887-8777 (Telephone)
(512) 887-6827 (Telefax)
**ATTORNEY FOR PLAINTIFFS**

-3-

mah:\data\curtis\original.pet

NO. 00-855-D

| | | |
|---|---|---|
| WILLIAM CURTIS AND<br>KIMBERLY CURTIS | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§<br>§ | NUECES COUNTY, TEXAS |
| NORTHFIELD INSURANCE COMPANY | §<br>§ | 105TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Northfield Insurance Company ("Northfield") and files this its Original Answer and would show the Court as follows:

## I. SPECIAL DEFENSES

1.      The Original Petition fails to state a claim or cause of action upon which relief can be granted.

2.      Northfield avers in the alternative that Plaintiffs failed to mitigate their damages.

3.      Northfield further avers that it has already paid Plaintiffs a portion of the claim to which Plaintiffs claim they are entitled.

4.      Northfield also avers, if such be necessary, that Plaintiffs are not entitled to the damages they seek because of their own breach of the insurance contract. Plaintiffs breached the provision in the insurance contract requiring them to participate in the appraisal process as they are obligated to under the contract. Specifically, the provision states:

7.    Appraisal. If you and we fail to agree on the actual cash value, amount of loss or the cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within twenty (20) days of receipt of the written demand. Two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss stating separately the actual cash value and loss to each item. If you or we request that they do so the appraisers will also set:

    a.    the full replacement cost of dwelling.
    b.    the full replacement cost of any other building upon which loss is claimed.
    c.    the full cost to repair or replacement of loss to such building without deduction for appreciation.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of loss. Such award shall be binding on you and us.

Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

5.    Northfield also reserves all other rights and defenses under the terms, conditions, limitations, limits and exclusions of the Policy not specifically mentioned. Northfield's Original Answer is not to be construed as an admission of coverage regarding any aspect of Plaintiffs' claim and is without prejudice to any and all of Northfield's defenses under the terms, condition, limitations, limits and exclusions of the Policy, whether specifically included in this Northfield's Original Answer or not, all such rights and defenses being expressly reserved.

2

## II. GENERAL DENIAL

Northfield generally denies each and every, all and singular, the material allegations of Plaintiffs' Original Petition and demands strict proof thereof, as provided for by Rule 92 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, Northfield, prays that its answer be deemed good and sufficient, after due proceedings are had, there be a decree in its favor and against Plaintiffs dismissing their Original Petition at Plaintiffs cost. Northfield further prays for such other orders that may be deemed just and this Court may be competent to grant.

Respectfully submitted,

KILLEEN & FIERRO, P.L.C.

By:_____
     Robert J. Killeen, Jr.
     Texas Bar No. 11407000
     Byron Wilson
     Texas Bar No. 24001009
     1717 St. James Place, Suite 620
     Houston, Texas 77056
     713/626-5100
     713/626-4545 - Fax

     ATTORNEYS FOR
     NORTHFIELD INSURANCE COMPANY

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record as indicated below, in accordance with the Federal Rules of Civil Procedure on this 10th day of March, 2000.

Ward H. Thomas, Jr.                                    VIA CM/RRR # Z 235 146 075
Ward H. Thomas, Jr., P.C.
1112 American Bank Plaza
Corpus Christi, Texas 78475

Byron Wilson

4

NO. 00-855-D

| | | |
|---|---|---|
| WILLIAM CURTIS AND | § | IN THE DISTRICT COURT OF |
| KIMBERLY CURTIS | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | |
| NORTHFIELD INSURANCE COMPANY | § | 105TH JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

On March 13, 2000, Defendant, Northfield Insurance Company ("Northfield") filed

the attached Notice of Removal in the Office of the Clerk of the United States District

court for the Southern District of Texas - Corpus Christi Division.

Respectfully submitted,

KILLEEN & FIERRO, P.L.C.

By:_____

Robert J. Killeen, Jr.
Texas Bar No. 11407000
Byron Wilson
Texas Bar No. 24001009
1717 St. James Place, Suite 620
Houston, Texas 77056
713/626-5100
713/626-4545 - Fax

ATTORNEYS FOR
 NORTHFIELD INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record as indicated below, in accordance with the Federal Rules of Civil Procedure on this 10th day of March, 2000.

Ward H. Thomas, Jr.                           <u>VIA CM/RRR # Z 235 146 075</u>
Ward H. Thomas, Jr., P.C.
1112 American Bank Plaza
Corpus Christi, Texas 78475

Byron Wilson

2

CutePDF - www.fineline.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS AND | § | |
| KIMBERLY CURTIS | § | |
| | § | |
| V. | § | C.A. NO. _____ |
| | § | |
| | § | |
| NORTHFIELD INSURANCE COMPANY | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Northfield Insurance Company ("Northfield"), and files this its Notice of Removal under 28 U.S.C. §1446(a), and would respectfully show the Court as follows:

### A. INTRODUCTION

1.     William Curtis and Kimberly Curtis are Plaintiffs who are residents of Nueces County, Texas.

2.     Northfield is a foreign company conducting business within the State of Texas.

3.     On February 16, 2000, Plaintiffs sued Northfield for breach of an insurance contract in the 105th Judicial District Court of Nueces County, Texas.

4.     Through a courtesy copy of the lawsuit, Northfield became aware of the suit on the day it was filed.  Northfield files Notice of Removal within the thirty (30) day period required by 28 U.S.C. §1446(b).

CMVPDF - www.fewla.com

## B. BASIS FOR REMOVAL

4.     Removal of this case is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Loflin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Plaintiffs are citizens of the State of Texas residing in Nueces County.  Northfield is not a citizen of the State of Texas, but a foreign company whose state of domicile is Missouri.

5.     The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys fees. Although this amount of recovery is not specifically alleged in Plaintiffs' Original Petition, Plaintiffs demand to Northfield, which was asserted on January 10, 2000, was for an amount in excess of $75,000.00. (Exhibit A)

6.     All pleadings, process, orders, and all other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).

7.     Venue is proper in this District under 28 U.S.C. §1441(a) because this District and Division embrace the place in which the removed action has been pending.

8.     Northfield will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which the action has been pending.

## C. JURY DEMAND

9.     Plaintiffs demanded a jury in the state court action.

## D. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Northfield prays, that for the reasons cited above, that the Court will exercise jurisdiction over this cause of action.

2

Respectfully submitted,

By: _____
Robert J. Killeen, Jr.
Texas Bar No. 11407000
1717 St. James Place, Suite 620
Houston, Texas 77056

ATTORNEY-IN-CHARGE   FOR
NORTHFIELD INSURANCE COMPANY

OF COUNSEL:

KILLEEN & FIERRO, P.L.C.
Byron Wilson
Texas Bar No. 24001009
1717 St. James Place, Suite 620
Houston, Texas 77056
713/626-5100
713/626-4545 - fax
ATTORNEYS FOR DEFENDANT,
NORTHFIELD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record as indicated below, in accordance with the Federal Rules of Civil Procedure on this 10th day of March, 2000.

Ward H. Thomas, Jr.                    VIA CM/RRR # Z 235 146 075
Ward H. Thomas, Jr., P.C.
1112 American Bank Plaza
Corpus Christi, Texas 78475

_____
Byron Wilson

3

# LAW OFFICES OF
## WARD H. THOMAS, JR.*, P.C.
### AMERICAN BANK PLAZA
### 711 N. CARANCAHUA, SUITE 1112
### CORPUS CHRISTI, TX 78475

TELEPHONE
(361) 887-8777

TELEFAX
(361) 887-6827

January 10, 2000

Jody A. Ebnet
Claims Examiner
Northfield Insurance Company
Northland Insurance Companies
P.O. Box 64643
St. Paul, Minnesota 55164-0643

<u>**Via Cert. #Z136,827,551,RRR**</u>
<u>**and Via Fax #(651) 688-4392**</u>

RE:   Insured:       Dr. William & Kimberly Curtis
       Policy No.:     18957104
       Claim No.:     23HG000439-01
       Date of Loss:   8-22-99

Dear Mr. Ebnet:

    This firm and the undersigned attorney have been retained to represent Dr. William and Kimberly Curtis in all claims they have against Northfield Insurance Company, Northland Insurance Companies and their adjusters. All further communication with my clients regarding their pending insurance claim should be directed to me, particularly so in view of the fact that it appears you may have associated legal counsel in Houston, Texas, to counsel with you concerning this loss.

    Dr. and Mrs. Curtis have provided me with a fairly extensive file in connection with this claim which I have reviewed with interest. I've also had an opportunity to review the file of Gutmann Turn Key, Inc. including a letter dated December 8, 1999 which indicated that it was copied to Dr. and Mrs. Curtis. Please be advised that my clients have not received any copy of the letter nor have they received any payment of the $24,606.21 which you indicate is owed to them as of this time. If Northfield acknowledges this indebtedness, a payment should be made immediately. Please direct the check to this address at your earliest convenience.

    We have reviewed the report of Rehe Kistner Consultants, Inc. The credentials of the report are not stated, the methodology for the report is not disclosed, the details of the findings are too

*BOARD CERTIFIED BUSINESS BANKRUPTCY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

EXHIBIT

A

Jody A. Ebnet
January 10, 2000
Page 2

sketchy to be meaningful and the report does not contain any conclusions or recommendations with regard to the remediation of the problem. As such, it appears to me that Northfield's investigation of the presence of fungal and bacterial growth in the residence is completely inadequate at this point. If the nature, concentrations and extent of the growth are not determined and a qualified remediation plan formed, Northfield has no reasonable basis to assume that your adjustment of this loss and proposed payment adequately addresses this problem.

Our review of Mr. Anderson's estimate also reveals it to be deficient in numerous respects. While Mr. Anderson did include a few hundred dollars in his estimate for disinfecting the residence and performing a "HVAC repair/deodorize", there is no explanation or assurance given to suggest that the mold can be eradicated from this house for this token amount of money. To the contrary, it seems obvious to us that remediation of this health hazard will be intrusive and costly. As we understand it, the mold has not only completely permeated the area between the concrete slab and the wood subfloor throughout the home, but it has become airborne and contaminated and/or impregnated virtually every other surface in the home as well, including the inner walls, air-conditioning ducts and other elements of the air-conditioning system. At the very least, your adjustment of this loss should include an estimate from a qualified/licensed environmental remediation contractor fully addressing how this work should be done and what it will cost. I am familiar with qualifications of Mark Anderson and know that not only is he not an experienced general contractor, he has absolutely no qualifications at all to deal with mold and mildew problems at the Curtis' residence. Further, another obvious problem with Mr. Anderson's estimate is that it does not adequately deal with the fact that the hardwood floors in the residence are continuous and run underneath all of the interior partitions, fixtures and built-ins. In order to remove all of the damaged subfloor and properly abate the mold and mildew underneath, it appears that it will be necessary to remove and reset all of these items throughout the entire interior of the home. Mr. Anderson's estimate does nothing of the sort and is therefore obviously grossly inadequate. There are also several references in Mr. Anderson's estimate to the effect that "deductions have been made for duplicated items noted on a prior windstorm claim". For your information, while there is a pending claim with the Curtis' windstorm carrier, the claim has not been paid and it is therefore inappropriate at this time to make any deductions. If there are deductions being considered, they should be specified in a proposed amount rather than just including a vague note on the estimate as a reference.

As you know, Dr. and Mrs. Curtis had to move out of the home some time ago because of these problems. They are incurring significant additional living expenses and will continue to do so until Northfield pays them what it owes and repairs can be completed. The cost of repair cannot be calculated and paid until a competent repair plan is formulated. Your substantial delay in this regard thus far will soon create a situation where the policy limits for ALE will be exhausted before the house is repaired. Dr. and Mrs. Curtis will hold Northfield responsible for all additional living expenses they incur as a result of Northfield's delay, irrespective of your policy limits.

Case 2:00-cv-00107   Document 1   Filed in TXSD on 03/13/2000   Page 22 of 23

Jody A. Ebnet
January 10, 2000
Page 3

It is clear to my clients at this time that the total loss to their building will equal or exceed policy limits for both the dwelling and additional living expenses. Accordingly, please accept this letter as my clients' demand for $71,000.00 of policy limits for damage to the dwelling and for $14,200.00 additional living expenses less whatever ALE has been paid previously. We acknowledge that some ALE has been paid already and that the remaining ALE is not due until incurred, but if you wish to settle such claim at the same the dwelling claim is settled, such is my clients' demand. If my clients' claim is not paid or otherwise resolved to their satisfaction within the next thirty (30) days, suit will be filed in the District Court for Nueces County, Texas, against Northfield Insurance Company. In the event suit is filed, my clients will also seek such other relief to which they may be entitled, including attorney's fees. My clients also reserve their right to amend their petition at a future time, as appropriate, to assert all claims they may have for violations of the Texas Insurance Code against Northfield Insurance Company, its related companies and its adjusters.

Incidentally, I see that while you have not demanded appraisal, you have suggested the possibility of an appraisal at some point in the future. Dr. and Mrs. Curtis have no interest in the appraisal process and Northfield has waived the right to an appraisal by failing to make a demand for appraisal promptly as required by Texas law. Appraisal will only lead to further unnecessary and unwanted delay and expense, something that is totally unacceptable to the Curtis' at this point. This entire matter needs to be resolved and paid within thirty (30) days.

Dr. and Mrs. Curtis would also like to know if you are licensed by the Texas Department of Insurance to adjust homeowner's claims.

If you have any questions or problems concerning this matter, please do not hesitate to contact me.

Sincerely,

Ward H. Thomas, Jr.

WHT/mah

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS AND<br>KIMBERLY CURTIS | §<br>§<br>§ | |
| V. | §<br>§<br>§<br>§ | C.A. NO. _____ |
| NORTHFIELD INSURANCE COMPANY | § | |

## LIST OF ATTORNEYS

*Attorney for Plaintiffs,*
*William Curtis and Kimberly Curtis*
Ward H. Thomas, Jr.
Ward H. Thomas, Jr., P.C.
1112 American Bank Plaza
Corpus Christi, Texas 78475
361-887-8777 - telephone
361-887-6827 - fax

*Attorneys for Defendant,*
*Northfield Insurance Company*
Robert J. Killeen, Jr.
Byron Wilson
KILLEEN & FIERRO, P.L.C.
1717 St. James Place, Suite 620
Houston, Texas 77056
713/626-5100 - telephone
713/626-4545 - fax